

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*United States Bankruptcy Judge*

**Signed February 14, 2013**

---

DDIS ORDER DISCHG

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

**IN RE:**
**RALPH EMERSON CRAGAR**            CASE NO: 08-70137-HDH-13

**2954 GOSSETT DR**

                                    DATED: February 14, 2013
**WICHITA FALLS TX 76308**          DEBTOR ATTY: MONTE J WHITE

**ORDER DISCHARGING DEBTOR AFTER COMPLETION OF CHAPTER 13 PLAN**

Came to be considered the Debtor(s)' Certification and Motion for Entry of Chapter 13 Discharge Pursuant to 11 U.S.C. Sec. 1328 (a), and it appearing to the Court that said Motion was properly noticed in compliance with 11 U.S.C. Sec. 102(1). Based on debtor(s)' certification and the Standing Trustee's recommendation, the Court finds:

1. Debtor has paid all amounts payable by debtor under a judicial or administrative order, or by statute, to pay a domestic support obligation, if any, that were due on or before the date of certification, including prepetition amounts, and provided for by the plan (including all payments designated as "direct").
2. The debtor(s) has not received a discharge:
    a. In a case filed under chapter 7, 11, or 12 of Title 11 during the 4-year period preceding the date of the order for relief in this case, or
    b. In a case filed under chapter 13 of Title 11 during the 2-year period preceding the date of the order for relief in this case,
3. The debtor(s) has completed an instructional course concerning personal financial management as described in 11 U.S.C. Sec. 111 after filing the petition in this case,
4. There is no reasonable cause to believe that:
    a. Section 522(q)(1) may be applicable to debtor(s); and

b. There is pending any proceeding in which debtor(s) may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B), and

5. Debtor(s) have completed all payments under the plan including direct payments.

IT IS ORDERED THAT:

Pursuant to 11 U.S.C. Section 1328(a), the debtor is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. Section 502 of Title 11, except any debt:

1. Provided for under 11 U.S.C. Sec. 1322(b)(5);

2. Of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C),(2),(3),(4),(5),(8), or (9) of section 523(a);

3. For restitution, or a criminal fine, included in a sentence on the debtor(s)' conviction of a crime; or

4. For restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

5. Based on an allowed claim filed under 11 U.S.C. Section 1305(a)(2) if prior approval by the trustee of the debtor(s)' incurring such debt was practicable and was not obtained.

6. Made non-dischargeable by 18 U.S.C. 3613(f), by certain provisions of titles 10, 37, 38, 42, and 50 of the United States Code, order of the Court, or by any other applicable provision of law.

All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

# # # End of Order # # #

  /s/ Walter O'Cheskey
Walter O'Cheskey,Chapter 13 Trustee
6308 Iola Avenue,
Lubbock TX 79424